IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER DORSETT HEADEN, III,   )
                              )
            Petitioner,       )
                              )
      v.                      )    1:13CV700
                              )
STATE OF NORTH CAROLINA,      )
                              )
            Respondent.       )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with and application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). In this case, Petitioner states on the Complaint form that he did not appeal his conviction and did not raise the challenged issue through a post-conviction motion or petition for habeas corpus in state court, and he does not include any explanation as to why he did not raise the issue. (Complaint [Doc. #2 at 6].)

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent.

3. Petitioner appears to be claiming that the criminal judgment against him can somehow be challenged through the use of procedures found in the Uniform Commercial Code. Such a claim appears frivolous and subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner promptly filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

---

[1] To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 21st day of October, 2013.

                                                                     /s/ Joi Elizabeth Peake
                                                                 United States Magistrate Judge